[Filed December 8, 1890.]

## E. WILLS *v.* F. D. LEVERICH ET AL.

DESCRIPTION—DEED—INTENTION OF PARTIES.—Where the description in a deed is not clear and intelligible, the situation of the parties and the circumstances surrounding the transaction may be considered in connection with its provisions to ascertain the intention and give it practical effect.

Linn county: R. P. BOISE, Judge.

Plaintiff appeals. Affirmed.

*J. K. Weatherford,* for Appellant.

*J. C. Powell,* for Respondents.

LORD, J.—This is a suit in equity, brought by the plaintiff against the defendants for an injunction requiring the defendants to remove all the obstructions placed by them or either of them upon a certain tract of land herein described, and that they and each of them be perpetually enjoined from interfering with or placing obstructions upon said land. The complaint, in substance, alleges that the plaintiff is the owner of a tract of land, describing it, and that he used it for a roadway for himself and the public going to and from his farm, and that he is entitled to the whole thereof; that the defendants have erected a warehouse thereon for the storage of grain and are threatening to store therein large quantities of grain and other obstructions by building platforms, etc., and that they threaten to further obstruct by piling large quantities of wood thereon, etc.

The answer of the defendant Leverich denies specifically all the allegations, and alleges as a separate defense that he is the owner of the strip of land as described, and that the plaintiff is the owner of a right of way for a road over the strip of land, and that he has no other right or title to said strip of land whatever, etc.

The reply puts in issue these facts, and after the issues were thus joined, the case was referred to Hon. D. R. N. Blackburn, as referee, to take the evidence and report his findings of fact and conclusions of law to the court. The referee made the following findings: (1) "That the plaintiff is the owner of a right of way beginning at the southwest corner of the donation land claim of John McCoy and wife, T. 10 S., R. 4 W., in Linn county, Oregon, and extending down the Willamette river along the bank thereof to the northwest corner of the same, or as far as the land of F. D. Leverich extends down said river; (2) that said right of way is only forty feet wide; (3) that the wood-dock, wood-yard and pig-pen of said defendant Leverich are not on said right of way and do not interfere with the travel thereon; (4) that the warehouse of said P. W. Haley is in said right of way and does obstruct the travel on the same. And as conclusions of law, finds: (1) That plaintiff's bill should be dismissed as to defendant Leverich, and that said Leverich recover his costs and disbursements; (2) that as to the defendant Haley, the plaintiff is entitled to the relief sought in his complaint a mandatory injunction for the removal of said warehouse from said right of way, and a judgment for his costs and disbursements to be taxed."

The plaintiff by his counsel moved to set aside the report as to the defendant Leverich, and the defendant Leverich by his counsel moved to confirm the report, and the court, after being duly advised, ordered the report of the referee as to said defendant Leverich to be confirmed. The plaintiff's claim of title is deraigned through a deed from Leverich and wife to Henry Stumberg, and from Henry Stumberg and wife to the plaintiff. Those deeds describe the tract in

dispute as follows: "A strip of land forty feet wide along the bank of the Willamette river, beginning at the south-west corner of the donation land claim of John McCoy and wife, in T. 10 S., R. 4 W. of Willamette meridian, etc., and extending down said river to the northwest corner of said claim, or as far as the land of F. D. Leverich extends down said river. To have and to hold for the purpose of a road or right of way unto the said E. Wills, his heirs and assigns forever." This forty-foot strip of land is described as a tract of land forty feet wide along the bank of the river, but the east and west lines are not designated, so that it is uncertain where the west line of the strip is, unless it be placed on top of the bank of the river, which the evidence indicates is the high-water mark. The way to get at what the parties intended by this deed is "to place ourselves," as Mr. Justice Sanderson said, "in the seats which were occupied by the parties at the time the instrument was executed; then taking it by the four corners, read it." (*Walsh* v. *Hill*, 38 Cal. 487.) This rule requires a consideration of all the provisions of the deed as well as the situation of the parties in order to ascertain their intention and give it practical effect. The evidence indicates that the land now occupied and owned by the plaintiff and the defendant Leverich was once owned in common by the defendant Leverich & Stumberg, and that they agreed to divide the same, and that a surveyor was employed to divide the land equally as to the number of acres; but that after the land was surveyed and platted, the south half was considered more valuable than the north half, so that it was agreed that the defendant Leverich should take the south half and Stumberg the north half, and that the defendant pay Stumberg $125 and give him a deed for a road or a right of way over the south half along the bank of the Willamette river; and that pursuant to this arrangement, deeds were made, one of which is the deed in evidence from the defendant and wife to Stumberg for a road or a right of way along the bank of said river; that afterwards Stumberg sold the north half to the plaintiff, and

thereafter made the deed in evidence to the plaintiff for the strip of land in controversy for the purposes specified; that soon after Stumberg and the defendant had effected their deal as to the lands held in common by them, the defendant began improving his river front and erected a wood-dock and steamboat landing. It appears also at the time the plaintiff obtained his deed from Stumberg for the north half of said land, and at the time and long before he obtained his deed from him for the strip of land in controversy for the purposes of a road or right of way, that the defendant had made the improvements referred to and was using the same for the purpose of selling and delivering wood and shipping grain and other farm products by boats on the Willamette river. The evidence, too, discloses that he used such right of way before he obtained the deed from Stumberg to the strip, and that he used the warehouse built by the defendant for the purposes specified in common with others. Regarding the situation of the parties in the light of surrounding circumstances, it is plain that there was never any intention other than for the purposes of a right of way to convey the strip of land in dispute in fee either to Stumberg or by Stumberg to the plaintiff. The whole arrangement, all the acts of the parties at the time and subsequent, in dealing and using such strip of land, is only consistent with this purpose. It shows, moreover, that their mutual convenience, the business in which the defendant was engaged, and the necessity of preserving access to the river, as well as the purposes to be subserved by each, was well understood, and that no more land or for any other purpose than a right of way was intended to be conveyed or that the plaintiff could have understood otherwise. His own explanations and statements are only consistent with this view. More, if the strip of land be located along the bank, as the plaintiff claims, it is so steep and declivous as to render the construction of a road nearly impossible without great expense and labor, and would in effect render the deed inoperative, and what is

more, it would locate the road, not where it is and understood to be, but where, under the circumstances, it would seem improbable that it was ever intended to be located. But looking at the deed in view of the situation of these parties, and in the light of the surrounding circumstances, and the subject matter in regard to which the description applies, and the intention is plain. It locates the west line on top of the bank and then goes east for the other line forty feet and establishes the right of way where it now is and has been used. It makes the terms used in the description, which of themselves are not clear, intelligible and consistent with the rest of the deed. And where such uncertainty exists in a description, it is competent to show the practical construction which the parties gave to the description of the strip of land in question by their acts and their treatment of the property in order to show what was the true line intended to be established by them. So that, if we consider the provisions of the deed in connection with the circumstances of the transaction and the situation of the parties and the subject matter to which they are to be applied, it gives a definite sense and meaning to the language used in the deed, makes it consistent and operative for the purpose specified, and indicates plainly what the parties intended and meant.

In this view it results that the decree must be affirmed.